**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: | Case No. |
| DREAM BIG RESTAURANTS, LLC., | In Proceedings Under Chapter 11 |
| Debtor. | Hon. |

**DECLARATION OF PHILLIP K. WILKINS IN SUPPORT OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

In support of the above-captioned Debtor's Chapter 11 Petition and its First Day Motions (defined below), I, Phillip K. Wilkins, declare as follows:

1. I am the Managing Partner of Dream Big Restaurants, LLC ("Debtor") a South Carolina limited liability company with its principal place of business at 37 Villa Road, Ste. 205, Greenville, South Carolina.

2. I own fifty percent (50%) of the Debtor's outstanding membership interests, and the other fifty percent (50%) is owned by my wife, Phyllis Wilkins.

3. I am responsible for devising and implementing the Debtor's business plans and strategies, overseeing the Debtor's financial, operational and legal affairs, and supervising the maintenance of its books and records. I have been involved in the Debtor's restructuring process (the "Restructuring Process"), which includes (i) participating in the development, negotiation and implementation of various strategic alternatives for restructuring, reducing or modifying the Debtor's

indebtedness, (ii) managing professionals engaged by the Debtor in connection with the Restructuring Process, (iii) supervising the preparation of documentation needed to implement the Restructuring Process, and (iv) consulting on a regular basis with the Debtor's management with respect to the foregoing.

4. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Debtor's management teams and other personnel, my knowledge and review of relevant documents including the Debtor's books and records, or my opinion based on my experience, knowledge, and information concerning the Debtor's operations and financial condition. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5. The Debtor has requested certain relief in "first day" applications and motions filed with the Court (collectively, the "First Day Motions") in order to minimize potential adverse effects of the bankruptcy filings and to maximize the value of the estate. I submit this Declaration to assist the Court and parties-in-interest in understanding the circumstances that led to the commencement of this Chapter 11 case and in support of the Debtor's voluntary petition and First Day Motions.

6. I believe the relief sought in each of the First Day Motions is (i) necessary for the Debtor to make a successful transition to and operate in chapter 11 with minimal interruption or disruption to its business, and (ii) constitutes a key factor in maximizing and preserving the value of the Debtor's estate.

**BACKGROUND**

7. In 1997, Phyllis Wilkins and I owned a company named Rising Star, Inc. ("Rising Star") which purchased a restaurant in Cincinnati Ohio from McDonald's USA, LLC ("McDonald's"). As a result, I first joined the McDonald's system in 1997 through my company, Rising Star.

8. In 2000, Rising Star sold its Ohio restaurant and purchased a restaurant in Kentucky. Over the course of the next two years, Rising Star purchased three more McDonald's restaurants in Kentucky. Rising Star operated these four Kentucky restaurants until 2010, when I made the decision to sell the restaurants and leave the McDonald's system in order to pursue other franchisee opportunities.

9. I operated restaurants for a different franchisor from January 2011 to July 2013, when I made the decision to return to McDonald's.

10. On April 22, 2014, Phyllis Wilkins and I incorporated a Florida limited liability company named Dream Big Restaurants, LLC ("DBR Florida").

In May 2014, DBR Florida entered the McDonald's system by purchasing two McDonald's restaurants in Florida.

11. On October 3, 2016, Phyllis Wilkins and I organized the Debtor under the laws of the state of South Carolina. DBR Florida was then merged with the Debtor and Debtor was the surviving entity.

12. In late 2016, the Debtor sold the Florida restaurants and purchased the following eight restaurants in South Carolina:

- 2200 Augusta Rd., Greenville, South Carolina;
- 308 W. Wade Hampton Blvd., Greer, South Carolina
- 2109 Wade Hampton Blvd., Greenville South Carolina;
- 630 Howell Road, Greenville, South Carolina;
- 3618 Pelham Rd., Greenville, South Carolina;
- 3 Cannon Drive, Greenville, South Carolina;
- 2137 Old Spartanburg Rd., Greer, South Carolina;
- 1706 White Horse Road, Greenville, South Carolina.

(collectively, the "Restaurants").

13. The Debtor continues to operate these Restaurants pursuant to franchise agreements with McDonald's.

14. The Debtor leases the real property associated with these Restaurants from McDonald's pursuant to an Operator's Lease for each location.

## CAUSES OF BANKRUPTCY FILING

15. Despite sixteen years of success operating McDonald's restaurants under both Rising Star and the Debtor, the Debtor immediately experienced

difficulties after it purchased the Restaurants. Within days of taking over the Restaurants, sales dropped and service times were down. The Debtor worked hard to improve sales and service times but suffered a substantial set back in 2018 when it lost its entire leadership team, including, a Director of Operations, two (2) Supervisors, two (2) General Managers, and one employee providing back office support. Five of these individuals were related by blood or a child in common, and the familial group made the collective decision to move out of South Carolina. The result was that, in one fell swoop, the Debtor lost over 100 years of McDonald's experience.

16. The sudden loss of its leadership team led to additional operational challenges which caused the Debtor's cash flow to shrink by nearly seventy percent (70%).

17. As a result of its lost revenue, Debtor defaulted on its payment obligations to TD Bank and other creditors and filed this Chapter 11 bankruptcy in order to preserve its value and restructure its debts in a way that is most beneficial to Debtor and its creditors.

## Nature of Debt

18. Upon information and belief, TD Bank, N.A. ("TD") will assert a first priority secured claim in the principal amount of $7,073,889.01 as of August 12,

2019. TD may assert that its claim is secured by substantially all of the Debtors assets including its Cash Collateral (defined herein).

19. Upon information and belief, TD is significantly undersecured because McDonald's aggregate internal valuation of the Debtor's eight (8) franchises on a going concern basis is $4,733,526 as of May 2019. *See* **Exhibit B** to the Debtor's [*First Day*] *Motion for Entry of Interim Order Authorizing the Use of Cash Collateral and Providing Adequate Protection* (the "Cash Collateral Motion") filed contemporaneously herewith.

20. A uniform commercial code report from the State of South Carolina identified five (5) additional secured creditors junior to TD Bank. *See* **Exhibit C** to the Cash Collateral Motion. None of these five secured creditors are identified by name. Each is only identified by their agent. As a result, based on the best information available to the Debtor, the Debtor determined the following:

21. Upon information and belief, On Deck Capital, Inc. ("On Deck"), a merchant cash advance company ("MCA"), will assert a second priority secured claim in the approximate amount of $174,507. On Deck may assert that its claim is secured by substantially all of the Debtor's assets including its Cash Collateral.

22. Upon information and belief, QuickSilver Capital, LLC ("Quicksilver"), another MCA, will assert a third priority secured position in substantially all of the Debtor's assets in the approximate amount of $126,600.

23. Upon information and belief, Celtic Bank Corporation ("Celtic") provided the Debtor with a line of credit, which is serviced by Bluevine Capital, Inc. ("Bluevine"), and will assert a fourth priority secured position in substantially all of the Debtor's assets in the approximate amount of $61,466 as of September 18, 2019.

24. Upon information and belief, World Global Capital, LLC d/b/a Mass Capital Funding ("Mass Capital"), another MCA, will assert a fifth priority secured position in substantially all of the Debtor's assets in the approximate amount of $360,425.

25. The State of South Carolina, Department of Revenue (the "State") filed four notice of tax liens on February 21, 2019, March 14, 2019, April 11, 2019, and May 21, 2019 (the "State Tax Liens"). Upon information and belief, the State will assert State Tax Liens having a sixth priority position for unpaid sale and use tax of $338,801.49 in the aggregate.

26. Upon information and belief, Samson Funding ("Samson"), another MCA, will assert a seventh priority secured position in substantially all of the Debtor's assets in the approximate amount of $173,150.

27. Additionally, upon information and belief, PIRS Capital, LLC ("PIRS"), another MCA, may assert a secured interest in substantially all of the Debtor's assets in the approximate amount of $205,981. However, the Debtor does

not believe that PIRS filed a financing statement, and, as such, is an unperfected secured creditor.

28. Upon information and belief, no other creditors have or will assert an interest in Debtor's Cash Collateral.

29. Nothing in this Motion may be construed as an admission with respect to liability for any indebtedness, nor should anything within this Motion be construed as an admission with respect to the extent, status, validity and/or enforceability of any lien against any of the Debtor's assets.

## REQUEST FOR USE OF CASH COLLATERAL

30. As of the Petition Date, Debtor, without admission, believes that its cash collateral, as defined in 11 U.S.C. §363, (the "Cash Collateral") consisted of the following collateral:

a. Cash of approximately $183,270;

b. Accounts receivable valued at approximately $35,000; and

c. Inventory valued at approximately $108,724 as of August 31, 2019.

31. Debtor requires the use of Cash Collateral to make such payments as are necessary for the continuation of its business as shown in the Budget, attached to the Cash Collateral Motion as **Exhibit D** (the "Budget"). The projected revenue and

expenses in the Budget are based upon historical financial data.

32. The Budget projects Debtor's anticipated revenue and expenses and demonstrates the amount of funds Debtor must expend on its operations over a thirty-day period.

33. During the next thirty days of this case, Debtor projects that it will need to spend approximately $1,050,488, as set forth in the Budget, to avoid immediate and irreparable harm.

34. The majority of the Debtor's value arises from its ongoing operations and its ability to continue servicing its customers and operating its eight (8) franchises.

35. Without the ability to make the payments as set forth in the Budget, Debtor will be unable to continue operating and will be forced to shut down. Debtor's value arises from its on-going operations. If the Debtor is unable to continue to operate, the restaurants will go dark, customers will be lost and Debtor's value will be destroyed. Accordingly, authorizing Debtor to use Cash Collateral as set forth in the Budget is in the best interests of all creditors and parties in interest.

## WAGE MOTION

36. The Debtor employs approximately 325 hourly and salary employees (the "Employees"). Of these Employees, 14 are paid a salary and the remaining employees are paid hourly.

37. The vast majority of the value of Debtor's business arises from its ongoing operations. The Employees are instrumental in allowing the Debtor to continue operating as a going concern.

38. Before the Petition Date, and in the ordinary course of business, the Debtor typically pays hourly wages and salaries ("Employee Wages") every two (2) weeks for the two-week period ending eight days earlier.

39. The Debtor is required by law to withhold from its Employees' Wages amounts related to federal, state, and local income taxes, as well as social security and Medicare taxes (collectively, the "Withholding Taxes") and to remit the same to the appropriate taxing authorities (collectively, the "Taxing Authorities").

40. The Debtor is also required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll and subject to state-imposed limits, additional amounts to the Taxing Authorities for, among other things, state and federal unemployment insurance (together with the Withholding Taxes, the "Payroll Taxes").

41. The Debtor pays all Employee Wages and Payroll Taxes through a third-party payroll service named Proliant.

42. In the ordinary course of its business, the Debtor established certain employee benefit programs, including without limitation, paid vacation and medical insurance programs.

43. Under its paid time off program, eligible employees are entitled to receive paid vacation based on seniority and attendance. As of the Petition Date, some of the Employees are entitled to unused paid vacation days and other paid time off based on their prepetition service.

44. Debtor provides medical insurance to its Employees through a McDonald's department or affiliated named McDonald Licensees and Ronald McDonald House Charities, Health & Welfare Plan ("McDonald's Wellness"). The Debtor pays the personal insurance for each salaried employee. The Debtor also offers family and other premium coverage packages and the difference in cost is paid by the Employee through a payroll deduction.

45. The Debtor, again through McDonald's Wellness, also offers health insurance to qualified hourly employees. The Debtor pays a portion of the cost and the remainder is paid by the participating hourly Employee.

46. All costs associated with Employee medical insurance is paid to McDonald's Wellness who then contracts with Blue Cross Blue Shield to provide the

medical benefits.

47. The Debtor withholds approximately $3,778.00 per month in the aggregate from the Employees' Wages on account of medical insurance, which amount is a paid monthly together with Debtor's portion estimated at $5,802.00 per month.

48. All Employees who participate in Debtor's health care program automatically receive life insurance. The Debtor pays for qualifying Employees' life insurance which costs roughly $1.88 per employee per month.

49. The Debtor offers vision insurance to its salaried employees through Eyemed. Debtor pays one hundred percent (100%) of the cost of vision insurance.

50. The Debtor offers dental insurance to its salaried employees through Delta Dental. Debtor pays one hundred percent (100%) of the cost of dental insurance.

51. The Debtor pays an estimated aggregate amount of $570 per month for dental, vision and life insurance benefits (collectively, the "Supplemental Benefits" and together with accrued paid time and medical insurance, the "Employee Benefits").

52. The Debtor does not provide any 401K or other retirement savings programs to its employees.

53. In order to timely pay the Employees for work performed from September 23, 2019 through the Petition Date, the Debtor is required to fund payroll on October 11, 2019, so that it will be paid timely to employees on October 15, 2014. The Debtor must fund these amounts which include garnishments, child support, or other employee wage deduction orders under which the Debtor is obligated to deduct a portion of an Employee's paycheck and pay that amount to a third party.

54. No payment to any employee for Employee Wages will exceed $13,650 which is the priority amount permitted under 11 U.S.C. § 507(a)(4).

55. I receive a salary of $75,400 per year. In addition to my annual salary, the Debtor pays me approximately $190,000 per year in owner draws, for an average annual compensation of 295,600.[1] In addition, the Debtor pays approximately $375 per month for my family's cellular phone plan and pays automobile insurance for my vehicle.

56. The standard pay range for McDonald's owner operators is anywhere from $35,000 to $50,000 per restaurant per year. In my case, this would mean that my annual salary, according to the industry standard, should be in the range of $280,000 to $400,000. As a result, the Debtor has historically compensated me at

---

[1] This average is generated based on compensation paid to Mr. Wilkins in 2018 and YTD 2019.

a rate that is at the low end of the range of reasonable compensation for an owner operator in this industry.

57. Prior to the Petition Date, I agreed to reduce my salary (that is already at the low end for this industry) by an additional $95,600, to a total annual salary of $200,000. In order to simplify my compensation structure, and in connection with my voluntary reduction of income, the Debtor is now compensating me solely in the form of a $200,000 annual salary and will no longer compensate me with owner draws.

58. If the Debtor is unable to pay Employee Wages and Employee Benefits when due, the Employees may suffer extreme personal hardship and be unable to pay their daily living expenses.

59. Furthermore, if the Debtor does not pay the Employee Wages and Benefits, Employees may quit or walk off the job leaving the Debtor without the ability to operate and crippling Debtor's reorganization at the outset of the proceeding.

60. Given the uncertainty of the Chapter 11 process and the upheaval which the transition to Chapter 11 may have on Employees, it is important for the Debtor to retain these experienced Employees and maintain the good will of these Employees so that Debtor's business operations are not adversely harmed.

## DEBTOR'S NEED FOR SHORTENED NOTICE AND IMMEDIATE HEARING ON FIRST DAY MOTIONS

61. The First Day Motions seek various forms of relief which the Debtor requires in order to allow it to continue operations and maintain the going-concern value of its business and prevent irreparable financial harm to Employees and other parties. The relief sought is, therefore, critical to the success of the Debtor's reorganization efforts, and the need to have the First Day Motions heard as soon as practicable outweighs any concerns that expedited hearing on these motions might raise.

62. For the reasons set forth herein, it is necessary that the Debtor obtains an interim hearing as soon as possible on the First Day Motions (the "First Day Hearing") but in no event later than the afternoon of Tuesday, October 1, 2019.

63. Declarant says nothing further.

Pursuant to 28 U.S.C. § 1746, I declare to the best of my knowledge, under penalty of perjury, that the above statements are true and correct.

/s/*Phillip K. Wilkins*
Phillip K. Wilkins, Declarant

Dated: September 27, 2019

{00816898.5}

# EXHIBIT A

SCHAFER & WEINER, PLLC
LAW OFFICES



John J. Stockdale, Jr., Partner
40950 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
T: 248.540.3340
F: 248.282.2157
JStockdale@schaferandweiner.com

PRACTICES
Bankruptcy
Business and Transaction Law
Commercial Litigation
Debtor/Creditor Law
Real Estate

John J. Stockdale, Jr. practices in the areas of bankruptcy, debtor/creditor, real estate, business transactions and related litigation. John has represented clients in business and personal bankruptcies, buy and sell side business and commercial transactions and workouts; real estate transactions and foreclosures; and debt collection and defense. John has represented clients in a variety of industries including, without limitation, building trades, food service, and retail.

John focuses his practice on small and mid-size businesses. He understands and has special insight into the issues affecting those businesses because, for the twelve (12) years prior to joining Schafer and Weiner, he owned and operated a publishing company providing business valuation and lost profits case law reports to attorneys and accountants. John is a member of the American Bankruptcy Institute and a member of Michigan State Bar, Business Law Section.

**ADMISSIONS & QUALIFICATIONS**

State Bar of Michigan, 2008

U.S. District Court, Eastern District of Michigan, 2008

U.S. District Court, Western District of Michigan, 2012

John has also been admitted *pro hac vice* in courts across the United States including Iowa, Texas, and California.

**EDUCATION**

Thomas M. Cooley Law School, J.D., summa cum laude, 2008

The Citadel, the Military College of South Carolina, B.A., 1992

**SEMINARS**

John presented on the following topics at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division's Chapter 11 Roundtable on November 4, 2016: (1) filing requirements when a debtor owns a subsidiary or affiliated business (FRBP 2015.3 and Form 26); (2) investing debtor-owned funds (11 U.S.C. 345); and (3) the effect of listing "unknown" on a debtor's schedules.

John has presented to the Michigan Association of Certified Public Accountants on recent court decisions involving business valuation and damage calculations. Most recently, John was a panelist at the Michigan Association of Certified Public Accountants' Anti-Fraud, Litigation & Business Valuation, and Mergers & Acquisitions Conference in Livonia, Michigan on May 24, 2016. John presented on the topic of *Skepticism from Audits, to Forensics, to Valuation,* which discussed an accounting expert's application of skepticism concepts in business valuation and bankruptcy matters.

**PUBLICATIONS**

*Unpaid FICA in Chapter 11: Navigating the Minefield,* 38 Michigan Business Law Journal (Spring 2018)

*Applying Claim Preclusion in Michigan: A Call for Clarity*, 36 Michigan Business Law Journal 1 (Spring 2016)

*In re Till: Efficient Markets and the Prime-Plus Formula in 'Cram-Down' Interest Rate Cases, The Value Examiner*, January/February, 2013

*Analyzing a Professional's Personal Goodwill under Chapter 7 of the Bankruptcy Code: Just Whose Asset Is It?* BVR's Guide to Personal v Enterprise Goodwill (BVR 2010)

*Temple v United States: More Negative Treatment for the Quantitative Marketability Discount Model, Michigan Tax Lawyer*, State Bar of Michigan, Fall, 2006

**REPORTED CASES**

*In re Central Processing Services, LLC,* 2019 Bankr. Lexis 2812 (Bankr. E.D. Mich. 2019)

*DPT Holdings, LLC v. VLP Auto.*, 2019 Mich. Cir. Lexis 824 (Oakland County Circuit Court)

*SKG International, Inc. v. SKG Italia, S.p.A., et al*, 2017 U.S. Dist. Lexis 100647 (E.D. Mich. 2017)

*In re St. James Nursing & Physical Rehab. Ctr., Inc.*, 559 B.R. 186 (Bankr. E.D. Mich. 2016)

*In re Associated Community Services, Inc.*, 520 B.R. 650 (Bankr. E.D. Mich. 2014)

*In re D & W, Ltd., LLC*, 467 B.R. 427 (Bankr. E.D. Mich. 2012)

**REPRESENTATIVE MATTERS**

**Chapter 11 Bankruptcies**

*In re BCDG, LP* (Bankr. S.D. Iowa 2016) (Counsel for Unsecured Creditors Committee), John represented the unsecured creditors committee in this chapter 11 case involving the quick sale of six McDonalds franchises in Des Moines, Iowa. First, John successfully negotiated a $170,000 contribution to the unsecured creditors from the purchaser of the franchises. Then, John negotiated with the various creditor consistencies to craft and confirm a consensual plan of liquidation that brought in an additional $183,000 from the senior secured lender and reduced the claim pool from $12 million to $4.1 million. John's efforts ensured that the unsecured creditors received a meaningful distribution where the debtor did not contemplate any distribution to the unsecured creditors in this bankruptcy case.

*In re St. James Nursing & Physical Rehab. Ctr., Inc.* (Bankr. E.D. Mich. 2016) (Counsel for Debtor) John successfully represented the debtor throughout the chapter 11 reorganization case of this nursing home through a contested confirmation hearing involving nine objections to confirmation.

*In re Associated Community Services, Inc.* (Bankr. E.D. Mich. 2014) (Counsel for Debtor) John represented a telephone call center having more than 800 employees throughout the chapter 11 process from preparing first day motions through confirmation of a plan of reorganization. This case involved significant corporate restructuring including relocating the business operations during the bankruptcy case. Additionally, the case involved millions of alleged unpaid withholding tax liabilities which were successfully negotiated to permit secured and priority tax payments to exceed the five-year maximum set by the bankruptcy code. Moreover, John successfully opposed a class action claim reducing the unsecured creditors pool by $10,000,000.

*In re Acme Acres* (Bankr. E.D. Mich. 2013) (Counsel for Debtor) John represented four related corporate debtors in these administratively consolidated chapter 11 cases. The debtors sought bankruptcy to resolve $1 million in pension fund withdrawal and contribution claims asserted by the Central States Southeast and Southwest Pension Fund arising after the debtors' collective bargaining agreement expired. Prior to filing, John negotiated the terms of the plan of reorganizations with the debtors' secured lender, which was

memorialized in a plan support agreement. After extensive litigation with the Pension Fund, including an evidentiary hearing on confirmation of the plan of reorganization, the debtors' plan of reorganization was confirmed that provided a 13% payment to the Pension Fund.

*In re Small Plates Detroit, LLC* (Bankr. E.D. Mich. 2011) (Counsel for Debtor). John represented a local restaurant throughout its bankruptcy process. In addition to working with its creditors, John successfully prepared and argued sale procedures and sale motions, which resulted in the sale of the restaurant business to an unrelated company free and clear of liens, claims and encumbrances. This case was resolved through a structured dismissal that resulted in payments to certain prepetition secured creditors after a surcharge for payment of certain Chapter 11 expenses.

*In re Bing Construction Company* (Bankr. E.D. Mich. 2011) (Counsel for Debtor) John assisted an Oakland County residential builder wind down its operations through a liquidating Chapter 11 after its principal's death. John assisted the debtor with shedding its unprofitable building contracts and worked with the building trades and property owners to complete other construction projects. John worked with the debtor, its financial adviser and the unsecured creditors committee to propose and confirm a liquidating plan over the objections of materialmen and subcontractors, which included allegations of fraud and breach of the Michigan Builders Trust Fund Act.

*In re Metals in Time, Inc.*, (Bankr. E.D. Mich. 2010), (Counsel for Debtor). John represented a high-end retail jeweler throughout its bankruptcy process from drafting first day motions to successfully implementing Chapter 11 liquidating plan, which sold the debtor's business to a related party for the assumption of heavily discounted bank debt. This representation also involved appearing in the Bankruptcy Court for the Central District of California in connection with efforts to remove a California state court lawsuit to the Michigan bankruptcy court.

**Transactional Matters**

*Business Sale.* During 2019, John represented a retiring fifty-percent member of an injection molding business, which serviced the automotive sector, sell his business interest, together with an interest in a related land holding company, to a strategic purchaser.

*Article 9 Acquisition of Auto Supplier.* During 2018, John represented a private equity firm with acquiring the assets of a failing auto supplier. John analyzed various options to complete the proposed acquisition where the debtor-entity was cash poor and beset with judgment creditors. The acquisition of the business assets was accomplished under Article 9 of the Uniform Commercial Code, which allowed the senior lender to quickly foreclose upon and sell the auto supplier's assets to the private equity firm free and clear of junior liens. Additionally, John assisted with the private equity firm's purchase of the auto supplier's real estate through

a special purpose entity and its acquisition of the underlying bank debt through a separate special purpose entity.

*Business Debt and Industrial Property.* During 2018, John assisted a real estate developer with the acquisition and sale of industrial real estate in Grand Rapids, Michigan. This engagement included, among other things, the formation of a single purpose acquisition entity, the purchase of a distressed loan and mortgage from a national bank, structuring and drafting loan and participation agreements to fund the note acquisition, and the preparation of a litigation strategy to obtain on the real estate. After exerting strategic pressure on the owners, John prepared, and the parties executed, a deed in lieu of foreclosure agreement transferring the industrial property to the acquisition vehicle. Shortly thereafter, John assisted the real estate developer sell the industrial real property at a significant profit.

*Commercial Real Estate*: John assisted the seller successfully close the sale of commercial property in Howell, Michigan in 2017.

*Vacant Land.* John assisted a non-profit purchaser acquire vacant land in Stockbridge, Michigan from a municipality in 2017.

*Article 9 Sale of Truck Body Business*: During late-2016, John assisted an aluminum truck-body manufacturer with analyzing various insolvency-related exit strategies. When management identified a purchaser, John worked with lender's counsel and purchaser's counsel to structure a transaction that could be closed quickly while minimizing the purchaser's exposure as a successor. As a result, the business was sold to the purchaser in a sale under Article 9 of the Uniform Commercial Code, whereby a debtor's assets are surrendered to the lender, who then sells them to the purchaser. Since the sale, the business has dissolved under state law.

*Business Sale*: During 2016, John assisted the seller of a deli-meat distributor to sell part of his business. This engagement involved the negotiation and drafting of purchase documents and seller financing documents.

## OTHER DISTINCTIONS

Selected for inclusion in the *Michigan Super Lawyers®* list (2019)

Selected for inclusion in the *Rising Stars℠* list (2009-2018)

Certificates of Merit – Thomas M. Cooley Law School, Bankruptcy, Business Organizations, Property I and II, Taxation, Criminal Law, Civil Procedure I and II, Wills Estates & Trusts, Tax of Business Entities, Torts I and II, and Securities Regulation

President's Achievement Award, 2008

Recipient: Association of Corporate Counsel Scholarship, 2008

Edward H. Rakow Award in Business and Securities Law, Eastern District of Michigan Federal Bar Association, 2007

Associate Editor, *Thomas M. Cooley Law Review*

Distinguished Student Award, 2007

## INTERESTS

In his spare time, John enjoys fishing, table-top gaming and finding and restoring antiques and automobiles.

SCHAFER & WEINER, PLLC
LAW OFFICES



Kim K. Hillary, Partner
40950 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
T: 248.540.3340
F: 248.282.2155
KHillary@schaferandweiner.com

**PRACTICES**

Bankruptcy Litigation
Bankruptcy Reorganization
Commercial Law
Commercial Litigation

Ms. Hillary has been assisting debtors and creditors to minimize the disruption and negative impact of debtor insolvencies and to resolve commercial disputes for more than 10 years. Her experience and expertise allow her to formulate creative solutions for seemingly hopeless situations, which have drastically improved outcomes for her clients.

In additional to representing clients as a negotiator and litigator in a variety of commercial disputes, Ms. Hillary has represented small business and individual debtors in bankruptcies, lender workouts and out-of-court restructurings. Her Chapter 11 bankruptcy expertise includes negotiating debtor financing and cash collateral orders, plans of reorganization, and the representation of Unsecured Creditor's Committees. She has also represented both debtors and creditors in all aspects of lender workouts, including negotiating and restructuring troubled debt, drafting forbearance agreements, complex loan agreements and documenting secured transactions.

**ADMISSIONS**

State Bar of Michigan, 2004

U.S. District Court, Eastern District of Michigan, 2004

U.S. District Court, Western District of Michigan, 2007

## EDUCATION

Wayne State University, J.D., cum laude, 2004

Western Michigan University, B.A., cum laude, 1998

## PUBLICATIONS

Contributing author, *Bankruptcy and Its Impact on LLC Membership Interests,* Institute of Continuing Legal Education, 2006

Contributing Author, *Partnership and Partner Bankruptcy,* Revised, published in *Collier Bankruptcy Practice Guide,* Release 73, Chapter 20, Nov. 2006 and Revised, published in *Collier Bankruptcy Practice Guide,* Release 91, Chapter 20, Nov. 2012

## REPRESENTATIVE MATTERS

Ms. Hillary represented a real estate development company as a debtor in a Chapter 11 bankruptcy. She negotiated debtor's use of cash collateral, obtaining the consent of the primary secured lender and a litigious judgment lien holder. Ms. Hillary also resolved the judgment lien holder's numerous objections to the debtor's proposed Plan of Reorganization, and succeeded in confirming a consensual Plan of Reorganization that provided for the debtor's continued sale of real property.

Additionally, Ms. Hillary structured and negotiated the sale of an insolvent business to a preferred purchaser for less than the amount owed to the commercial lender. Additionally, while negotiating the sale of the company, Ms. Hillary brokered a settlement between the secured lender and the individual guarantor which required the guarantor to pay only roughly 1% of the guarantor's indebtedness.

Ms. Hillary represented a real estate developer in his Chapter 7 bankruptcy where he received a discharge of over $28,000,000 in indebtedness owed to several institutional creditors. To achieve this discharge, Ms. Hillary brokered a settlement between the Chapter 7 trustee and her client, which allowed her client to keep his personal residence, in which he held significant equity, his retirement accounts and all his personal property.

Ms. Hillary also represented the Official Committee of Unsecured Creditors ("Committee") in a Chapter 11 bankruptcy filed in the Bankruptcy Court for the Western District of Kentucky. With the assistance of financial advisors, she analyzed the debtor's financial situation and prepared motions and exhibits in support of the debtor's contested cash collateral motion. After a contested hearing, the debtor's use of cash collateral was approved. When it became clear that the debtor would be unable to confirm a plan of reorganization, Ms. Hillary negotiated with the debtor and secured lender, and achieved the entry of a Structured Dismissal which resulted in a straightforward, simple and

inexpensive liquidation of the debtor's unencumbered assets, the payment of all administrative claims, the distribution of funds to the unsecured creditors and protection from a conversion to Chapter 7 with the threat of preference liability for unsecured creditors.

## OTHER DISTINCTIONS

Ex officio Board Member, Access to Bankruptcy Court

Former Board Member at Large, Michigan Chapter of International Women's Insolvency and Restructuring Confederation, 2012

Selected for inclusion in the *Rising Stars*℠ list (2009, 2010, 2011, 2012, 2013 and 2014)

Journal of Law in Society Alumni

David Adamany Constitutional Law Scholar Award, Wayne State University, 2004

# EXHIBIT B

**Wilkins Historical Cash Flow and Equity Levels**

8 Restaurants

| Time Period | Sales | PAC% | Pre-Debt CF | Value at 5.5 Multiple (used @ purchase) | Net Debt | Estimated Net Equity | Working Capital |
|---|---|---|---|---|---|---|---|
| **TTM Sept 2016 (Prior to Ownership)** | **17,701,946** | **31.8%** | **2,766,650** | **16,599,900** | | | |
| **Purchase** | | | | **15,000,000** | **11,000,000** | **4,000,000** | |
| TTM Dec 2017 | 16,675,669 | 29.6% | **1,998,561** | 11,991,366 | 9,737,507 | 2,253,859 | (933,823) |
| TTM Dec 2018 | 15,453,045 | 27.3% | **1,340,345** | 8,042,070 | 8,992,300 | (950,230) | (1,414,548) |
| TTM March 2019 | 15,103,329 | 25.5% | **995,652** | 5,973,912 | 9,030,420 | (3,056,508) | (1,652,913) |
| **TTM April 2019** | **14,979,080** | **24.8%** | **871,116** | **5,226,696** | **9,237,861** | **(4,011,165)** | **(1,953,685)** |
| **TTM May 2019** | **14,885,007** | **24.3%** | **788,921** | **4,733,526** | **9,298,483** | **(4,564,957)** | **(1,891,829)** |

# EXHIBIT C

## South Carolina Secretary of State's Office
**Mark Hammond**

**Search Response**

**Dated: 8/1/2019 2:24 PM**

**Search Criteria Entered:**

**Name Search**
**Party Name: Dream Big Restaurants**
**Party: Debtor**
**Filing Status: Unlapsed Filings**
**Filing Type: All**

| Name | Selected |
|---|---|
| DREAM BIG RESTAURANTS | Yes |
| DREAM BIG RESTAURANTS LLC | Yes |
| DREAM BIG RESTAURANTS, LLC | Yes |

| Filing Number | Filing Type | Filing Date | Lapse Date | Electronic Image Available |
|---|---|---|---|---|
| 161222-1521113 | UCC-1 Financing Statement | 12/22/2016 3:21 PM | 12/22/2021 | Yes |
| 181004-0822420 | UCC-1 Financing Statement | 10/4/2018 8:22 AM | 10/4/2023 | Yes |
| 190430-1524539 | UCC-1 Financing Statement | 4/30/2019 3:24 PM | 4/30/2024 | Yes |
| 190501-1311210 | UCC-1 Financing Statement | 5/1/2019 1:11 PM | 5/1/2024 | Yes |
| 190528-1345142 | UCC-1 Financing Statement | 5/28/2019 1:45 PM | 5/28/2024 | Yes |
| 190624-1514268 | UCC-1 Financing Statement | 6/24/2019 3:14 PM | 6/24/2024 | Yes |

UCC-1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)
FilingDept@cscinfo.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
801 Adlai Stevenson Dr
Springfield, IL 62703

SC SECRETARY OF STATE S
181004-0822420
Lapse Date: 10/04/2023
Date: 10/4/2018
Time 8:22 AM
Page Count: 1 Pg
Debtor Count: 1
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
DREAM BIG RESTAURANTS, LLC

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 37 VILLA RDSTE 205 | GREENVILLE | SC | 29615 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
SECURED LENDER SOLUTIONS

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. BOX 2576 | Springfield | IL | 62708 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

Any and all assets of the debtor whether now owned or hereafter acquired or arising. THE SECURED PARTY NAMED IN THIS RECORD IS ACTING IN A REPRESENTATIVE CAPACITY FOR PURPOSES OF FORWARDING NOTICES and INQUIRIES REGARDING THIS RECORD. FOR MORE INFORMATION, PLEASE CONTACT THE SECURED PARTY AT THE ADDRESS LISTED ABOVE OR AT UCCSPREP@CSCINFO.COM.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
[153060278]

UCC-1

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)
SPRS@FICOSO.COM

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

FIRST CORPORATE SOLUTIONS INC.
914 S STREET

SACRAMENTO, CA 95811

SC SECRETARY OF STATE S
190501-1311210
Lapse Date: 05/01/2024
Date: 5/1/2019
Time: 1:11 PM
Page Count: 1 Pg
Debtor Count: 1
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: DREAM BIG RESTAURANTS, LLC

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 37 VILLA ROAD | GREENVILLE | SC | 29615 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME:

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: FIRST CORPORATE SOLUTIONS, AS REPRESENTATIVE

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 914 S STREET / SPRS@FICOSO.COM | SACRAMENTO | CA | 95811 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

Collateral - All present and future assets of the Debtor.

Notice - Pursuant to an agreement between Debtor and Secured Party, debtor has agreed not to grant a security interest in the above collateral to any other entity. Accordingly, the acceptance of any security interest by anyone other than the Secured Party is likely to constitute the tortious interference with the Secured Party's rights.

In the event that any entity is granted a security interest in Debtor's accounts, chattel paper or general intangibles contrary to the above, the Secured Party asserts a claim to any proceeds thereof received by such entity.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
[UCC1-397072]

UCC-1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)
FilingDept@cscinfo.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
801 Adlai Stevenson Dr

Springfield, IL 62703

SC SECRETARY OF STATE S
190528-1345142
Lapse Date: 05/28/2024
Date: 5/28/2019
Time 1:45 PM
Page Count: 2 Pg
Debtor Count: 2
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| | DREAM BIG RESTAURANTS, LLC | | | | |
| OR | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | 37 VILLA RD STE 205 | GREENVILLE | SC | 29615 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| | DREAM BIG RESTAURANTS | | | | |
| OR | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | 37 VILLA RD STE 205 | GREENVILLE | SC | 29615 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | | | |
| OR | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | P.O. BOX 2576, UCCSPREP@CSCINFO.COM | SPRINGFIELD | IL | 62708 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

All Assets now owned or hereafter acquired and wherever located, including but not limited to, the following subcategories of assets: a. Accounts, including but not limited to, credit card receivables; b. Chattel Paper; c. Inventory; d. Equipment; e. Instruments, including but not limited to, Promissory Notes; f. Investment Property; g. Documents; h. Deposit Accounts; i. Letter of Credits Rights; j. General Intangibles; k. Supporting Obligations; and l. Proceeds and Products of the foregoing. NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN, THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTIOUS INTERFERENCE WITH THE SECURED PARTY'S RIGHT BY SUCH ENCUMBRANCER IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS

See additional.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Optional Filer Reference [164593281]

# UCC FINANCING STATEMENT ADDENDUM UCC-1Ad

FOLLOW INSTRUCTIONS

SC SECRETARY OF STATE
S
190528-1345142
Date: 5/28/2019
Time: 1:45 PM
Page Count: 2 Pg
Debtor Count: 2
Filing Fees: $8.00
Electronic Records Access: $8.00
Total: $16.00
Order ID:

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME
DREAM BIG RESTAURANTS, LLC

OR 9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR 10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

THEREOF RECEIVED BY SUCH ENTITY.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

UCC-1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)
FilingDept@cscinfo.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
801 Adlai Stevenson Dr
Springfield, IL 62703

SC SECRETARY OF STATE S
190430-1524539
Lapse Date: 04/30/2024
Date: 4/30/2019
Time 3:24 PM
Page Count: 3 Pg
Debtor Count: 4
Filing Fees: $14.00
Electronic Records Access: $8.00
Total: $22.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: Dream Big Restaurants, LLC

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 37 Villa Road, Suite 205 | Greenville | SC | 29615 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME: McDonald's

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 37 Villa Road, Suite 205 | Greenville | SC | 29615 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: CORPORATION SERVICE COMPANY, AS REPRESENTATIVE

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 2576, UCCSPREP@CSCINFO.COM | Springfield | IL | 62708 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

CERTAIN FUTURE ACCOUNTS, RECEIPTS, AND OTHER CONTRACT RIGHTS SOLD BY Dream Big Restaurants, LLC DBA McDonald's, AS SELLER, AND PURCHASED BY QUICKSILVER CAPITAL LLC, AS BUYER, PURSUANT TO THAT CERTAIN PURCHASE AND SALE OF FUTURE RECEIVABLES AGREEMENT BETWEEN SELLER AND PURCHASER DATED April 24, 2019 (THE "AGREEMENT").

THE SALE OF THE FUTURE RECEIVABLES PURSUANT TO THE AGREEMENT IS INTENDED BY THE PARTIES THERETO TO BE AN OUTRIGHT SALE OF SUCH FUTURE RECEIVABLES AND NOT INTENDED TO BE, NOR IS IT TO BE CONSTRUED AS, A FINANCING OR AN ASSIGNMENT FOR SECURING THE OBLIGATIONS OF THE SELLER.

THIS UCC FINANCING STATEMENT IS FILED FOR NOTICE PURPOSES ONLY.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
[163265111]

# UCC FINANCING STATEMENT ADDENDUM UCC-1Ad

FOLLOW INSTRUCTIONS

SC SECRETARY OF STATE S
190430-1524539

Date: 4/30/2019
Time: 3:24 PM
Page Count: 3 Pg
Debtor Count: 4
Filing Fees: $14.00
Electronic Records Access: $8.00
Total: $22.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME: Dream Big Restaurants, LLC

OR 9b. INDIVIDUAL'S SURNAME:

FIRST PERSONAL NAME:

ADDITIONAL NAME(S)/INITIAL(S): SUFFIX:

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME:

OR 10b. INDIVIDUAL'S SURNAME: Wilkins

INDIVIDUAL'S FIRST PERSONAL NAME: Phillip

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S): K SUFFIX:

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3115 Manor Bridge Drive | Alpharetta | GA | 30004 | USA |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME:

| OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT: ☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

**UCC FINANCING STATEMENT ADDENDUM** UCC-1Ad
FOLLOW INSTRUCTIONS

SC SECRETARY OF STATE
190430-1524539 S
Date: 4/30/2019
Time: 3:24 PM
Page Count: 3 Pg
Debtor Count: 4
Filing Fees: $14.00
Electronic Records Access: $8.00
Total: $22.00
Order ID#

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME
Dream Big Restaurants, LLC

OR 9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR 10b. INDIVIDUAL'S SURNAME
Wilkins

INDIVIDUAL'S FIRST PERSONAL NAME
Phyllis

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX
G

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3115 Manor Bridge Drive | Alpharetta | GA | 30004 | USA |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

13. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT: ☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

SOUTH CAROLINA SECRETARY OF STATE'S OFFICE, 1205 Pendleton Street Suite 525 Columbia, SC 29201 (Rev. 07/01/13)

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address) 13700 - TD BANK

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071

56929535
SCSC

File with: Secretary of State, SC

SC Secretary of State
File ID: 161222-1521113
Lapse Date: 12/22/2021

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: DREAM BIG RESTAURANTS, LLC

OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 880 South Pleasantburg Drive, Suite 2G | Greenville | SC | 29607 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: TD BANK, N.A.

OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1701 Route 70 East | Cherry Hill | NJ | 08034 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

This financing statement covers all personal property and fixtures of the Debtor, whether now owned or hereafter acquired by Debtor, or in which Debtor may now have or hereafter acquire an interest, other than (1) Debtor's right, title and interest in and to the Franchises for McDonald's restaurant business(es) and (2) general intangibles and intellectual property that are not assignable as a matter of law or are not assignable without consent and such consent has not been obtained.

This financing statement covers all of the right, title and interest of Debtor, now owned or hereafter acquired, in and to the following types (or items) of property now owned or hereafter acquired by Debtor, an all accessions and substitutions therefore, and all products and proceeds thereof: All Accounts, Chattel Paper, Deposit Accounts and other payment obligations of a financial institution (including the Secured Party), Documents, All goods, equipment, machinery, furnishings, fixtures, furniture, appliances, accessories, chattels and other articles of personal property of whatever nature now owned by Debtor or hereafter acquired, all accessions and appurtenances thereto, and all renewals and replacements of and substitutions for any of the foregoing, all now or hereafter located, used or intended by Debtor to be located or used at the location(s) specified hereto:

Store #1109 2200 Augusta Road, Greenville, SC 29605

Store #1667 Wade Hampton Boulevard, Greenville, SC 29607

Store #3691 308 West Wade Hampton Boulevard, Greenville, SC 29560

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
56929535 23873719003 REL 265817 7677



Prepared by CT Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

## UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME
DREAM BIG RESTAURANTS, LLC

OR 9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

SC Secretary of State

File ID: 161222-1521113

Lapse Date: 12/22/2021

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR 10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

Store #7510 630 Howell Road, Greenville, SC 29615

Store #10063 3618 Pelham Road, Greenville, SC 29615

Store #11593 3 Cannon Drive, Greenville, SC 29605

Store #16321 2137 Old Spartanburg Road, Greer SC, 29650

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS: 66929535-SC-0 13700 - TD BANK N.A.-COLL DE TD BANK, N.A. File with: Secretary of State, SC 23973719003 REL 265617 7077



Prepared by CT Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME
DREAM BIG RESTAURANTS, LLC

OR 9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

SC Secretary of State
File ID: 161222-1521113
Lapse Date: 12/22/2021

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR 10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

| OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
Store #18816 1706 White Horse Road, Greenville, SC 29605

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS: 56929535-SC-0 13700 - TD BANK N.A.-COLL DE TD BANK, N.A. File with: Secretary of State, SC 23573719003 REL 265817 7577



Prepared by CT Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071

70468655
SCSC

File with: Secretary of State, SC

SC Secretary of State

File ID: 190624-1514268

Lapse Date: 06/24/2024

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: Dream Big Restaurants LLC

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 37 Villa Road Suite 205 | Greenville | SC | 29615 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME:

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: C T CORPORATION SYSTEM, AS REPRESENTATIVE

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 330 N Brand Blvd, Suite 700; Attn: SPRS | Glendale | CA | 91203 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
This filing covers the following properties, assets and rights of Debtor, whether now owned or hereafter acquired (collectively the "Collateral"): (a) all personal property described below or on any exhibit attached hereto, which exhibit is incorporated by reference herein ("Specified Items"); (b) any and all additions, replacements, parts, or accessories to the Specified Items; (c) any rental, chattel paper, accounts, security deposits, relating to the Specified Items or the Agreement; and (d) all proceeds of any and all of the foregoing. In the event serial numbers, vehicle identification numbers or similar information is included below, on an exhibit attached hereto or otherwise in the description of Collateral, such information has been added by Secured Party to the best of its information in an effort to avoid confusion but is not intended to, and shall not, limit the above description of Collateral.

This financing statement is filed to give notice that In case a court should determine that the transaction contemplated by the Lease Agreement constitutes a financing, the Debtor has granted to the Secured Party a first priority security interest in the Equipment and all substitutions, replacements and proceeds, including insurance proceeds, which security interest is perfected by this filing.

Collateral Equipment Includes: TAYLOR FREEZER MODEL C602 WITH CONE DISPENSER AND SYRUP RAIL INSERTS

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☒ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
70468655



Prepared by Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

# EXHIBIT D

Weekly Cash Flow Projection

Dream Big Restaurants, LLC

ACORD - CASH REQUIREMENTS

| Projection | BEG BAL | Week Ended: 29-Sep | 6-Oct | 13-Oct | 20-Oct | 27-Oct | 3-Nov | 10-Nov | 17-Nov | 24-Nov | 1-Dec | 8-Dec | 15-Dec | 22-Dec | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. CASH ON HAND [Beginning of week] | 183,270 | 183,270 | 193,852 | 200,944 | 210,794 | 202,514 | 200,630 | 183,352 | 176,639 | 173,517 | 174,431 | 169,373 | 178,339 | 190,852 | |
| 2. CASH RECEIPTS | | | | | | | | | | | | | | | |
| (a) Forecasted Receipts | | 271,111 | 263,789 | 259,291 | 262,542 | 275,124 | 274,146 | 269,833 | 236,658 | 267,599 | 255,597 | 232,451 | 271,478 | 206,724 | 3,346,342 |
| (b) Non-Product Sales | | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 39,000 |
| | | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| 3. TOTAL CASH RECEIPTS [2a + 2b + 2c=3] | | 274,111 | 266,789 | 262,291 | 265,542 | 278,124 | 277,146 | 272,833 | 239,658 | 270,599 | 258,597 | 235,451 | 274,478 | 209,724 | 3,385,342 |
| 4. TOTAL CASH AVAILABLE [Before cash out] (1 + 3) | | 457,381 | 460,641 | 463,235 | 476,335 | 480,638 | 477,776 | 456,185 | 416,297 | 444,116 | 433,028 | 404,824 | 452,817 | 400,577 | |
| 5. CASH PAID OUT | | | | | | | | | | | | | | | |
| COGS | | | | | | | | | | | | | | | - |
| Food | | 75,911 | 73,861 | 72,601 | 73,512 | 77,035 | 76,761 | 75,553 | 66,264 | 74,928 | 71,567 | 65,086 | 76,014 | 57,883 | 936,976 |
| Paper Goods | | 10,817 | 10,525 | 10,346 | 10,475 | 10,977 | 10,938 | 10,766 | 9,443 | 10,677 | 10,198 | 9,275 | 10,832 | 8,248 | 133,519 |
| Controllable Expenses | | | | | | | | | | | | | | | |
| Crew Labor | | 70,489 | 68,585 | 67,416 | 68,260.84 | 71,532.33 | 71,278.06 | 70,156.54 | 61,531.01 | 69,575.74 | 66,455.14 | 60,437.32 | 70,584.19 | 53,748.28 | 870,049 |
| Management Labor | | 7,320 | 7,122 | 7,001 | 7,089 | 7,428 | 7,402 | 7,285 | 6,390 | 7,225 | 6,901 | 6,276 | 7,330 | 5,582 | 90,351 |
| Admin/officer | | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | 12,737 | |
| Payroll Taxes | | 7,919 | 7,726 | 7,607 | 7,693 | 8,025 | 7,999 | 7,886 | 7,010 | 7,827 | 7,510 | 6,899 | 7,929 | 6,220 | 98,249 |
| Travel | | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Advertising | | 8,269 | 8,046 | 7,908 | 8,008 | 8,391 | 8,361 | 8,230 | 7,218 | 8,162 | 7,796 | 7,090 | 8,280 | 6,305 | 102,063 |
| Outside Services | | 4,772 | 4,643 | 4,564 | 4,621 | 4,842 | 4,825 | 4,749 | 4,165 | 4,710 | 4,499 | 4,091 | 4,778 | 3,638 | 58,896 |
| Linen | | 352 | 343 | 337 | 341 | 358 | 356 | 351 | 308 | 348 | 332 | 302 | 353 | 269 | 4,350 |
| Operating Supplies | | 3,389 | 3,165 | 2,982 | 2,888 | 4,127 | 3,427 | 2,698 | 2,248 | 2,408 | 2,173 | 1,860 | 2,172 | 1,654 | 35,191 |
| Maintenance & Repair | | 3,389 | 3,297 | 3,241 | 3,282 | 3,439 | 3,427 | 2,698 | 2,367 | 2,676 | 2,556 | 2,325 | 2,715 | 2,067 | 37,478 |
| Utilities | | 8,133 | 7,914 | 7,779 | 7,876 | 8,254 | 8,224 | 8,095 | 7,100 | 8,028 | 7,668 | 6,974 | 8,144 | 6,202 | 100,390 |
| Office Expense | | 416 | 414 | 412 | 413 | 418 | 418 | 416 | 403 | 415 | 410 | 401 | 417 | 391 | 5,343 |
| Admin office rent | | | 2,008 | | | | | | | | | | | | |
| Cash +/- | | 407 | 396 | 389 | 394 | 413 | 411 | 405 | 355 | 401 | 383 | 349 | 407 | 310 | 5,020 |
| Non-Controllable Expenses | | | | | | | | | | | | | | | - |
| Rent | | 24,102 | 23,451 | 23,051 | 23,340 | 24,459 | 24,372 | 23,988 | 21,039 | 23,790 | 22,723 | 20,665 | 24,134 | 18,378 | |
| Service Fees | | 10,953 | 10,657 | 10,475 | 10,607 | 11,115 | 11,076 | 10,901 | 9,561 | 10,811 | 10,326 | 9,391 | 10,968 | 8,352 | |
| Insureance | | 5,532 | 5,419 | 5,350 | 5,400 | 5,594 | 5,579 | 5,512 | 5,002 | 5,478 | 5,293 | 4,937 | 5,538 | 4,541 | |
| Taxes / Licenses | | 4,202 | 4,089 | 4,019 | 4,069 | 4,264 | 4,249 | 4,182 | 3,668 | 4,148 | 3,962 | 3,603 | 4,208 | 3,204 | |
| Misc Non-Controllable Expenses | | 8,350 | 8,125 | 7,986 | 8,086 | 8,474 | 8,444 | 8,311 | 7,289 | 8,242 | 7,872 | 7,159 | 8,362 | 6,367 | 103,067 |
| Non-Product Cost | | (3,931) | (3,825) | (3,760) | (3,807) | (3,989) | (3,975) | (3,913) | (3,432) | (3,880) | (3,706) | (3,371) | (3,936) | (2,998) | |
| Subtotal | - | 263,528 | 258,697 | 252,441 | 255,285 | 267,893 | 266,310 | 261,009 | 230,665 | 258,706 | 247,655 | 226,485 | 261,964 | 203,097 | 2,580,942 |
| TD Bank | | | 1,000 | | | | 1,000 | | | | 1,000 | | | | |
| Schafer and Weiner | | | | | | | 15,000 | | | | 15,000 | | | | |
| Martin Brower contract assumption | | | | | 18,537 | 12,115 | 12,115 | 18,537 | 12,115 | 10,979 | | | | | |
| Reserve and/or Escrow [Specify]/Rent Deposits | | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| 6. TOTAL CASH PAID OUT | - | 263,528 | 259,697 | 252,441 | 273,822 | 280,008 | 294,425 | 279,546 | 242,780 | 269,685 | 263,655 | 226,485 | 261,964 | 203,097 | 3,371,132 |
| 7. CASH POSITION [End of week] (4 minus 6) | - | 193,852 | 200,944 | 210,794 | 202,514 | 200,630 | 183,352 | 176,639 | 173,517 | 174,431 | 169,373 | 178,339 | 190,852 | 197,480 | |